## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
| | ) | |
| Debtor and Debtor in Possession | ) | Judge Jack Schmetterer |
| ------------------------------------------------- | ) | |
| | ) | |
| Cecelia N. Johnson | ) | Chapter 11 |
| | ) | Case No. 09-37011 |
| Debtor and Debtor in Possession. | ) | |
| | ) | |

### AGREED ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE

This cause comes to be heard on the joint motion of My Ranch, Inc., Cecelia N. Johnson, and Fifth Third Bank, to enter an agreed order authorizing the Debtors' use of cash collateral and granting adequate protection pursuant to Sections 361 and 363 of the Bankruptcy Code. Due notice having been given, the Court, having reviewed the Motion and exhibits thereto, having conducted a preliminary hearing on the Motion as provided for under §363(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), having considered the arguments and statements of counsel at such hearing, having considered the relevant matters in the above-captioned bankruptcy case, and being otherwise fully advised in the premises, finds as follows:

1. Adequate and sufficient notice of the Motion has been provided to all persons entitled thereto under Rule 2002 and 4001 of the Bankruptcy Rules and no further notice of the Motion is necessary.

2. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. The Court has jurisdiction over the parties and the subject matter for this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. On September 25, 2009, My Ranch, Inc. ("My Ranch") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, My Ranch has remained in possession of its assets and has continued in operation and control of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On October 5, 2009, Cecelia N. Johnson ("Johnson") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Johnson has remained in possession of her assets and has continued in operation and control of her business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The My Ranch bankruptcy case is being jointly administered with the Johnson bankruptcy case pursuant to an order entered by this Court on January 5, 2010.

7. On February 12, 2008, Cecelia N. Johnson executed and delivered to the Bank a United States Small Business Administration Note in the original principal amount of $1,287,000.00 (the "Johnson Note"). The Johnson Note is secured, in part, by a Mortgage against the property commonly known as 4650 N. Sheridan Rd., Chicago, IL (the "Property).

8. On February 12, 2008, Johnson and My Ranch executed and delivered to the Bank a United States Small Business Administration Note in the original principal amount of $200,000.00 (the "My Ranch Note"). The obligations of Johnson and My Ranch under the My Ranch Note are secured by a mortgage against the Property and a security interest in the assets of My Ranch.

9. Pursuant to the Pre-Petition Security Agreement, as security for repayment for the Pre-Petition Obligations, My Ranch granted to the Bank a security interest in and liens upon all of the assets of My Ranch, including but not limited to its cash, inventory, and equipment used by the Debtor in operation of its business. The properties and assets in which the Debtor granted security interests and liens to the Lender to secure repayment of the Pre-Petition Obligations are referred to herein as the "Pre-Petition Collateral."

10. Fifth Third Bank also filed Proof of Claim No. 15 in the My Ranch case in the amount of $21,000.59 for unrelated credit card debt.

11. My Ranch requires use of the Cash Collateral (as defined below) in order to continue to operate. Without the use of the Cash Collateral, My Ranch's estate may suffer irreparable harm in that the Debtor's business may diminish, and the Debtor may not be able to effectuate the reorganization of its business.

12. Johnson requires use of the Cash Collateral (as defined below) in order to continue to operate. Without the use of the Cash Collateral, Johnson's estate may suffer irreparable harm in that the Debtor may not be able to effectuate the reorganization of its business.

13. It is in the best interests of the Debtors' estates and their creditors that the Debtors be allowed to use the Cash Collateral on the conditions set forth herein.

**IT HEREBY IS ORDERED** that the Debtors and Debtors in possession, My Ranch, Inc. and Cecelia N. Johnson, may make use of Cash Collateral and make Adequate Protection payments to Fifth Third Bank on the following terms and conditions:

A. As used herein, "Cash Collateral" shall mean all cash, negotiable instruments, securities, deposit accounts or other cash equivalents derived from the Pre-Petition Collateral, including all

rental income and the net proceeds from the sale of goods which are subject to Fifth Third's liens and security interests in the Pre-Petition Collateral.

B. Subject to the terms and conditions of this Order, Debtors are hereby authorized to make adequate protection payments and to use net proceeds pursuant to the following terms.

   a) My Ranch will make monthly rental payments to Johnson pursuant to the following schedule:

      i. December 29, 2009 (or upon entry of this order)

      ii. January 25, 2010

      iii. February 10, 2010

      iv. Starting March 1, 2010 all further payments shall be made on the 10th of each month.

   b) As adequate protection, Cecelia Johnson will make regular monthly post-petition payments to Fifth Third pursuant to the following schedule:

      i. December 30, 2009 (or upon entry of this order)

      ii. January 29, 2009

      iii. February 15, 2010

      iv. Starting March 1, 2010 all further payments shall be made on the 15th of each month.

   c) As adequate protection, My Ranch will make regular monthly post-petition payments to Fifth Third pursuant to the following schedule:

      i. December 30, 2009 (or upon entry of this order)

      ii. January 29, 2009

      iii. February 15, 2010

      iv. Starting March 1, 2010 all further payments shall be made on the 15th of each month.

   d) Each payment made by My Ranch to the Bank for the financing of the purchase of equipment shall be made in the amount of $2,692.62, and that amount shall be considered adequate protection for the Bank's lien on the equipment used by My Ranch in the operation of its business.

   e) Thus, each month, from the two Debtors jointly, Fifth Third Bank shall receive a total payment of $11,138.82.

C. Johnson is authorized and directed to make use of cash collateral to redeem certain real estate taxes that have been sold, and to pay current any unpaid real estate taxes before the end of February 2010.

D. The Motions of Fifth Third, filed in both cases, for relief from the automatic stay are hereby withdrawn as moot.

E. If either Debtor fails to make the payments outlined above in a timely manner and does not cure the default within ten (10) business days after notice is sent to the applicable Debtor and Debtor's bankruptcy counsel, the Debtor will be deemed to be in violation of the terms of this Order.

F. As additional adequate protection for the use of Fifth Third's cash collateral, Fifth Third is hereby granted a replacement lien and/or substitute liens on all of the post-petition assets of the Debtor and all of the proceeds thereof, to the same extent and validity of pre-petition liens.

G. To the extent that the Debtors diminish the value of the Bank's liens other by failing to make the adequate protection payments and by using the pre-petition cash collateral other

than for making such payments, the Bank will be entitled to a replacement lien on assets of the Debtor acquired post-petition.

H. Debtors and Fifth Third are granted leave to execute such documents as may be reasonably necessary to effectuate the terms of this agreement, including documents intended to perfect the Bank's liens against property of My Ranch to the extent of the unpaid portion of the My Ranch indebtedness.

I. As long as the Debtors comply with the terms of the Agreed Order, the Bank will not oppose the Debtors' use of cash collateral for reasonable ongoing business expenses, the payment of trustee fees and reasonable professional fees, and the Debtors are thus authorized to use cash collateral for any such purpose.

J. The Debtors will each provide in their respective plans of reorganization that they will assume all of the obligations due under the Johnson Note and the My Ranch Note as set forth herein and pay off the arrears within a reasonable time. If the Debtors do so, the Bank will not oppose the Debtors' plan of reorganization, but will instead support the Debtors' plans.

AGREED:

| | |
|---|---|
| MY RANCH, INC.<br>d/b/a Fresh Harvest Market | CECELIA N. JOHNSON |
| By: | By: |
| /s/ Forrest L. Ingram<br>Forrest L. Ingram<br>Attorney for the Debtor | s/ Forrest L. Ingram<br>Forrest L. Ingram<br>Attorney for the Debtor |

FIFTH THIRD BANK

By:

/s/ David L. Hazan
David L. Hazan
Attorney for the Bank

DATED: FEB 1 7 2010

**ENTER**

FEB 1 7 2010

JACK B. SCHMETTERER, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

BY THE COURT:

_____
The Honorable Jack B. Schmetterer
Bankruptcy Judge

This document was prepared by
Forrest L. Ingram, P.C.

The prevailing party will forthwith serve a
copy of this order on all parties affected thereby,
and file proof of such service with the Clerk.

The prevailing party will forthwith serve a
copy of this order on all parties affected thereby,
and file proof of such service with the Clerk.