## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|     d/b/a Fresh Harvest Market | ) | |
| | ) | Judge Schmetterer |
|     Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | Chapter 11 |
| Cecilia N. Johnson | ) | Case No. 09-37011 |
| | ) | |
|     Debtor and Debtor in Possession | ) | Hearing: March 23, 2010 at 10:00am |

### DEBTOR'S MOTION TO SELL CERTAIN RECEIVABLES

NOW COMES Debtor and Debtor in Possession, My Ranch, Inc., by and through its attorneys at Forrest L. Ingram, P.C., and for its Motion to Sell Certain Receivables, states:

1. The Debtor, My Ranch, Inc. ("My Ranch") filed its petition for relief under chapter 11 of the Bankruptcy Code on September 29, 2009.

2. The Debtor remains in possession of its assets and continues to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Prior to seeking bankruptcy protection, My Ranch sought financing to purchase the inventory it needed to jump-start its business after being closed for two years to complete renovations and rehabbing of the business premises, but at the last minute the lender determined not to extend the loan.

4. It is essential to Debtor's successful reorganization to purchase sufficient inventory to be able to increase monthly sales and ultimately generate the funds needed to pay its ongoing expenses and to repay its debts over five-years as set forth in Debtor's plan, filed March 2, 2010.

5. Debtor has obtained an offer from a financing company, "The Business Backer" to purchase $35,100 of the Debtors current and future customer receivables at a discount of 30%. Such an arrangement allows for the immediate injection of $27,000 into the Debtor's business for the purchase of much-needed inventory.

6. The agreement provides that The Business Backer would be entitled to 15% of the Debtor's credit card receivables until the amount of $35,100 is paid in full amount. The corollary to that provision is that the Debtor will retain 85% of every credit card transaction.

7. A copy of the "Purchase of Receivables Agreement" is attached hereto as **Exhibit A**.

8. The Debtor has previously obtained financing from the Business Backer under similar terms and has been satisfied that the financing arrangement assisted the Debtor to increase profitability in its business.

9. When Debtor filed its chapter 11 petition, it did not have any pre-petition receivables; thus there is no lien on Debtor's post-petition receivables, and Debtor can sell the prospective receivables without affecting the rights of any secured creditor.

10. The Debtor deems the terms offered by The Business Backer to be fair and reasonable under the circumstances, and necessary for the Debtor's reorganization.

**WHEREFORE**, the Debtor, My Ranch, Inc., prays this Court to enter an order granting Debtors the authority sell $31,500 of its receivables to The Business Backer in order to finance the Debtor's purchase of inventory. Debtor asks for such other and further relief as may be just.

Respectfully submitted,

My Ranch, Inc., d/b/a Fresh Harvest Market

By:   /s/  Forrest L. Ingram
      One of its attorneys

2

Forrest L. Ingram , #3129032
Phillip Groben
Michael V. Ohlman
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2858
(312) 759-2838 fx
fingram@fingramlaw.com