# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|     d/b/a Fresh Harvest Market | ) | |
| | ) | Judge Schmetterer |
| Debtor and Debtor in Possession | ) | |
| _____ | ) | |
| | ) | Chapter 11 |
| Cecilia N. Johnson | ) | Case No. 09-37011 |
| | ) | |
| Debtor and Debtor in Possession | ) | Hearing: April 26, 2010 at 10:30 |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that on April 26, 2010 at 10:30 am, or as soon thereafter as I may be heard, I will appear before the Honorable Jack B. Schmetterer, or any other Judge sitting in his stead, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and will then and there present the **Debtor's Motion Declaring Payment of Real Estate Taxes to be a Violation of the Automatic Stay and for Sanctions Pursuant to 11 U.S.C. § 362(k)**, a copy of which is enclosed and hereby served upon you, AT WHICH TIME AND PLACE YOU MAY APPEAR AND BE HEARD.

                          /s/ Philip Groben_____
                          One of Debtor's attorneys

Forrest L. Ingram, P.C.
Forrest L. Ingram #3129032
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

    I, Philip Groben, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document to which it refers, on all parties entitled to service, by electronic filing through ECF, by regular U.S. mail, or by fax transmission as set forth on the attached service list, on April 14, 2010.

                          /s/ Philip Groben

## SERVICE LIST

**Via CM/ECF:**
**US Trustee**
William T. Neary
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

**Via U.S. Mail:**
**Debtor**
Cecelia N. Johnson
6448 S. Eberhart
Chicago, IL 60637

**Cook County Treasurer Maria Pappas**
Cook County Building
118 North Clark Street, Room 112
Chicago, IL 60602

**Cook County Clerk David Orr**
69 W. Washington, Suite 500
Chicago, IL 60602

**Cook County Clerk David Orr**
**Real Estate & Tax Services**
Cook County Building, 4th Floor
118 N. Clark St.
Chicago, IL 60602
(312) 603-6717 (fax)

**Usbankcust Sassmunivdta**
c/o John V. Cahill
2881 Cornwall Ln
Geneva, IL 60134

**Usbankcust Sassmunivdta**
c/o John Duzman
1185 Avenue of the Americas
18th Floor
New York, NY 10036

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-35697 |
| My Ranch, Inc. | ) | |
|     d/b/a Fresh Harvest Market | ) | |
| | ) | Judge Schmetterer |
| Debtor and Debtor in Possession | ) | |
| _____ ) | | |
| | ) | Chapter 11 |
| Cecilia N. Johnson | ) | Case No. 09-37011 |
| | ) | |
| Debtor and Debtor in Possession | ) | Hearing: April 26, 2010 at 10:30 |

**MOTION TO DECLARE PAYMENT OF REAL ESTATE TAXES TO BE A VIOLATION OF THE AUTOMATIC STAY AND FOR SANCTIONS PURSUANT 11 U.S.C. § 362(k)**

NOW COMES the Debtor and Debtor in Possession, Cecelia N. Johnson ("Mrs. Johnson" or "Debtor"), by and through her attorneys, Forrest L. Ingram, P.C., and does hereby move this Court to enforce the automatic stay and for sanctions and damages pursuant to a willful violation of 11 U.S.C. § 362(k) against the Cook County Clerk, against the Cook County Treasurer, and against Usbankcust Sassmunivdta, and in support states as follows:

**BACKGROUND**

1. On or about October 5, 2009 (the "Petition Date"), Mrs. Johnson did file a Petition for Relief pursuant to chapter 11 of the Bankruptcy Code.

2. On or about July 21, 2009, prior to the Petition Date, the second installment of property taxes due for 2007 was sold to a third party.

3. The Debtor believes this third party to be Usbankcust Sassmunivdta.

4. On January 5, 2010, this Court entered an order granting the Debtor's motion for joint administration with lead case 09-35697 – My Ranch, Inc.

5. The Cook County Treasurer received notice of Mrs. Johnson's bankruptcy case, and on January 7, 2010, the Cook County Treasurer sent a letter to Mrs. Johnson's bankruptcy attorney requesting real estate property information which would aid the Cook County Treasurer in complying with the automatic stay provisions of the Bankruptcy Code (the "Letter"). **See Exhibit A.** The Letter contained an enclosure to be completed and returned.

6. Upon receipt of this letter, Mrs. Johnson's attorneys completed the attached form and mailed it to the address specified in the Letter.

7. On March 2, 2010, the Cook County Treasurer's Office sold the first and second installments of property taxes due for 2008. **See Exhibit B.** The Debtor believes the 2008 property taxes were bought by Usbankcust Sassmunivdta. While the Debtor concedes Usbankcust Sassmunivdta was not included in the Debtor's schedules, the Debtor believes Usbankcust Sassmunivdta may nevertheless have had knowledge of the Debtor's bankruptcy case.

8. Between March 8, 2010 and the filing of this motion, the Debtor has made multiple attempts to redeem the 2007 property tax. The Clerk of Cook County will not allow a property owner to make partial redemptions, regardless of subsequent sales being in direct violation of federal authority.

9. On March 23, 2010, the Debtor's attorney faxed a request to have the March 2, 2010 transaction deemed as being filed in error and reversed. **See Exhibit C.** A representative of the Cook County Treasurer contacted the Debtor's attorney via telephone and orally informed him that the March 2, 2010 sale would not be vacated.

10. The March 2 payment by Usbankcust Sassmunivdta, and the acceptance of said payment by the Cook County Clerk and Cook County Treasurer has the effect of adding to the burden of

the Debtor. The transaction of March 2, 2010 more then tripled the cost necessary for the Debtor to redeem the 2007 taxes; from $8,094.59.59 to $27,006.80.

## LEGAL STANDARDS

11. The filing of a bankruptcy petition triggers an immediate automatic stay. The stay "is a statutory injunction against efforts outside of bankruptcy to collect debts from a debtor who is under the protection of the bankruptcy code." 11 U.S.C. § 362; *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 878 (7th Cir. 2001). It operates as a stay to "the commencement or continuation … of a judicial, administrative, or other action proceeding against the debtor…" and it remains in effect until the case is closed, dismissed or discharged. 11 U.S.C. § 362(a), *In re Lancelot*, 408 B.R. 167, 171 (Bankr. N.D. Ill. 2009).

12. The automatic stay is among the most basic of the debtor protections under bankruptcy law because it "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *See Midlantic Nat'l Bank* v. *New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986). The stay under § 362 prohibits any act to create, perfect, or enforce liens against property of the bankruptcy estate and property of the debtor.

13. The United States Supreme Court examined the issue under the former Bankruptcy Act and held that actions in violation of the automatic stay are void. *Kalb v. Feuerstein*, 308 U.S. 433 (1940). The Seventh Circuit has held that orders issued in violation of the automatic stay provisions of the bankruptcy code are ordinarily void. *In re Matthews*, 739 F.2d 249 (7th Cir. 1984).

14. When determining whether a creditor violated the automatic stay by making a claim against the estate, courts look to the statute with a very broad eye and with very few exceptions.[1] As Congress reasoned, the term claim "contemplates all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy. It permits the broadest possible relief in the bankruptcy court." H. R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), S. Rep. No. 989, 95th Cong., 2d Sess. 21-22 (1978). Therefore, the automatic stay provision "prevents all prepetition creditors from taking any actions to collect their debts." *Vitreous*, 911 F.2d 1223, 1231 (7th Cir. 1990).

15. Congress enacted statutory penalties when a creditor willfully disregards § 362 and attempts to recover a prepetition claim through the continuation of litigation or other proceedings. *See* 11 U.S.C. § 362(k).

16. A willful violation of the stay does not require specific intent to violate the stay, only that the creditor engages in conduct that violates the automatic stay after they have knowledge that a bankruptcy petition had been filed. In fact, a violation is willful even if the creditor believed the violative actions were justified. *Price v. United States*, 42 F.3d 1068, 1071 (7th Cir. 1994), *In re Roete*, 936 F.2d 963, 965, (7th Cir. 1991), *In re Crome*, 2008 Bankr. LEXIS 3854 (Bankr. N.D. Ill. 2008), *In re Halas*, 249 B.R. 182, 191 (Bankr. N.D. Ill. 2000).

17. The penalties for a willful violation of the stay are that the debtor may recover actual damages, including costs and attorneys fees. 11 U.S.C. § 362(k)(1). Where appropriate a debtor may recover punitive damages. *Id.*

18. A trustee may also recover damages in the exercise of this Court's civil contempt and equitable powers. A bankruptcy trustee which is not entitled to recover damages under 11 U.S.C. § 362(k) may nonetheless recover damages in the form of costs and attorneys' fees in conjunction with

---

[1] See, 11 U.S.C. § 362(b) for a list of exceptions, none of which apply here.

11 U.S.C. § 105(a) as a sanction for ordinary civil contempt.  Thus, even if the Court finds that the trustee may not recover under § 362(k), Mrs. Johnson will seek recovery based on the Court's equitable powers.

**WHEREFORE**, the Debtor respectfully requests this Court to enter an order enforcing the automatic say against Maria Pappas individually and as the Cook County Treasurer, David Orr individually and as the Cook County Clerk, and Usbankcust Sassmunivdta declaring the purchase of real estate taxes dated March 3, 2010 to be void, and granting sanctions pursuant to 11 U.S.C. § 362(k) against the Cook County Treasurer, the Cook County Clerk, and Usbankcust Sassmunivdta including but not limited to damages, attorneys fees, costs, and punitive damages, and for such other and further relief this Court may deem just.

        Respectfully submitted,
        Cecelia N. Johnson

        By:    /s/ Philip Groben
                One of her attorneys

Forrest L. Ingram #3129032
Philip Groben
Michael Ohlman
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838