# EXHIBIT C

10-09280

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | | | |
|---|---|---|---|
| THE CITY OF CHICAGO, a municipal corporation, | ) ) ) | | |
| Plaintiff, | ) ) | No. | 10M1 400661 |
| v. | ) ) | | |
| CECELIA JOHNSON, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as NOMINEE FOR JNC MORTGAGE SERVICES, INC., JNC MORTGAGE SERVICES, INC., and UNKNOWN OWNERS & NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) | Re: | 4676 W. Peterson |
| Defendants. | ) ) | | |

## SUMMONS

Serve:     Mortgage Electronic Registration Systems, Inc., as Nominee for JNC Mortgage
            Service, Inc.
            c/o CT Corporation Service
            208 S. LaSalle Street, Suite #814
            Chicago, Illinois 60604

      You are hereby summoned and required to file an appearance and answer to the complaint, a copy of which is attached. If you fail to answer or appear, a judgment by default may be entered against you for the relief asked for in the complaint. This cause will be heard in **Courtroom 1111** of the Richard J. Daley Center on **March 30, 2010**, at **9:30 A.M.**

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement or service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

      This summons may not be served later than three days before the day for appearance.

Witness _____
      (Date)        Seal of Court

MARA S. GEORGES
Corporation Counsel of the City of Chicago
By: Maggie Rizzo
Assistant Corporation Counsel
30 North LaSalle Street, Suite 700
Chicago, Illinois, 60602
(312) 742-1935

Dorothy Brown
Clerk of Court

By: _____
    Deputy Clerk

[stamp: DOROTHY BROWN MAR 10 2010]

Date of Service: _____ (to be inserted by officer on copy left with
                                          defendant or other person)

#90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – FIRST DISTRICT

| | | |
|---|---|---|
| CITY OF CHICAGO, a Municipal Corporation, | ) ) ) | 10M1  400661 |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| CECELIA JOHNSON, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as NOMINEE FOR JNC MORTGAGE SERVICE, INC., JNC MORTGAGE SERVICE, INC., and UNKNOWN OWNERS & NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | Re:    4676 W. Peterson |
| Defendants. | ) | |

**PLAINTIFF CITY OF CHICAGO'S
COMPLAINT FOR EQUITABLE AND OTHER RELIEF**

Plaintiff City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel, complains of the defendants as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1. The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of authority, the City brings this action pursuant to the Unsafe Property Statute, 65 ILCS 5/11-31-1(a) et seq. (2004), as amended, and the Injunction Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2004). , the City brings this action under its Improperly Maintained Buildings and Structures Subject to Nuisance Abatement Proceedings ("Slum Nuisance") Ordinance, Municipal Code of Chicago, §13-12-145 (2005). By bringing this action, the City seeks to abate the dangerous

and unsafe conditions at the property in question and obtain equitable relief, civil penalties, attorney's fees and costs.

### The Parties and the Property at Issue

2. The City is a municipal corporation organized and existing under the laws of the State of Illinois.

3. Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

**THE WEST ½ OF LOT 525 AND THE EAST 26 FEET OF LOT 526 IN GEORGE F. KOSTER AND CO'S FIRST ADDITION TO SAUGANASH IN CALDWELL RESERVE, IN SECTION 3, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.**
This parcel is commonly known as 4676 W. Peterson, Chicago, Cook County, Illinois ("subject property"), and has a permanent index number of 13-03-129-032 and 053.

4. Located on the subject property is a two-story building of brick construction. The last known use of the building was residential use.

5. At all times relevant to this complaint, the defendants owned, managed, controlled, collected rents from, contributed to the ongoing violations at, or had a legal or equitable interest in the subject property. More specifically,

    a. Defendant Cecelia Johnson is the owner of the subject property.

    b. Defendants Mortgage Electronic Registration Systems, Inc., as Nominee for JNC Mortgage Service, Inc. and JNC Mortgage Service, Inc. are mortgagees of the subject property.

    c. Defendants also include all unknown owners and non-record claimants to the subject property.

## Dangerous and Unsafe Conditions

6. On or about February 26, 2010, and continuing to the present, dangerous and unsafe conditions existed at the subject property, in that:

    a. The building(s) located on the subject property ("the building") is vacant and open.

    b. The building's electrical systems are stripped or inoperable.

    c. The building's plumbing systems are stripped or inoperable.

    d. The building's heating systems are stripped or inoperable.

    e. The building's has been gutted, stripped, and abandoned during rehabilitation.

    f. The building has running water due to a burst pipe on the second floor.

    g. The building's interior structural systems have been destroyed.

    h. The building's roof and rear wall have been removed exposing the interior to the elements.

    i. The building's masonry is being supported by 1 x 2's.

    j. The building's floors are covered with several inches of ice and water.

    k. The building's joists are water damaged.

    l. The building's partitions have been stripped and are overloaded.

    m. The building's sash and trim have been removed.

    n. The building's stairs are covered with ice and snow.

    o. The building's plaster is broken, water damaged, and/or missing.

    p. The building's glazing is covered or missing.

    q. The building has an excavated hole at the rear.

# COUNT I

### Unsafe Property Provisions - Equitable Relief

7. The City realleges and incorporates paragraphs 1 through 6 of the General Allegations as paragraph 7 of Count I.

8. The Unsafe Property Statute provides, in pertinent part, that:

> The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality. . . .

65 ILCS 5/11-31-1(a) (2004).

9. The Unsafe Buildings Ordinance also authorizes the City of Chicago to seek a court order authorizing the demolition, repair or enclosure of "any building . . . found in a dangerous and unsafe condition or uncompleted and abandoned" within the city limits of Chicago. Municipal Code of Chicago § 13-12-130 (2000).

10. The defendants have violated, and continue to violate, the Unsafe Property Statute and Unsafe Buildings Ordinance by allowing the subject property to remain in a dangerous and unsafe condition posing a danger to the public health, safety and welfare. The building on the subject property would require major reconstruction in order to remedy its dangerous and unsafe condition and is beyond reasonable repair.

11. The levying of a fine is not an adequate remedy for the dangerous and unsafe conditions at the subject property.

12. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Village of Riverdale v. Allied Waste Trans., Inc., 334 Ill. App. 3d 224, 228-29 (1st Dist. 2002); City of Chicago v. Krisjon

4

Constr. Co., 246 Ill. App. 3d 950, 959 (1st Dist. 1993); City of Chicago v. Piotrowski, 215 Ill. App. 3d 829, 834-35 (1st Dist. 1991).

WHEREFORE, the City requests that this Court enter an order:

A. Requiring the defendants to demolish, repair, enclose or clean-up the subject property under proper permits issued by the City of Chicago;

B. Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

[Alt.] B. Alternatively, authorizing the City of Chicago to demolish, repair, enclose or clean up the subject property, and to remove or abate any unremediated storage tanks or containers on or below the subject property, pursuant to 65 ILCS 5/11-31-1(a) and Municipal Code of Chicago § 11-4-2170 (c) and § 13-12-130, the costs of which are to be assessed as a judgment against the defendants, and as a lien against the subject property;

C. Alternatively, appointing a receiver to correct the conditions alleged in paragraph 6, *supra*, with full powers of receivership, including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended;

D. Permitting foreclosure of any City of Chicago liens entered against the subject property in this proceeding, pursuant to 65 ILCS 5/11-31-1 (c);

E. Awarding to the City court costs, attorney's fees and other costs related to the enforcement of 65 ILCS 5/11-31-1(a) against the defendants; and

F. Granting any other relief that this Court deems appropriate.

## COUNT II

### Unsafe Buildings Ordinance - Civil Penalties

13. The City realleges and incorporates paragraphs 7 through 10 of Count I as paragraph 13 of Count II.

14. The Unsafe Buildings Ordinance provides that an owner of, or any person in

5

management or control of, any building or premises that is found to be "in a dangerous and unsafe condition or uncompleted and abandoned," who fails to put such building in a safe condition or fails to enclose or demolish it, shall be fined not less than $200 per day and not more than $1000 per day for each day that such violation exists, upon proper notice as further defined by ordinance. Municipal Code of Chicago § 13-12-020, 130 (2000).

15. The City seeks the maximum fine for each day the defendants who own the subject property have maintained the building on the subject property, or allowed the building on the subject property to remain, in a "dangerous and unsafe" or "uncompleted and abandoned" condition.

WHEREFORE, the City requests that this Court enter an order:

A. Assessing civil penalties against all defendants who own manage or control the subject property in the maximum amount per day from the date of service of summons in this case until the dangerous and unsafe or uncompleted and abandoned condition is abated; and

B. Granting any other relief that this Court deems appropriate.

## COUNT III

### Failure To Meet Minimum Code Requirements - Injunctive Relief

16. The City realleges and incorporates paragraphs 1 through 6 of the General Allegations as paragraph 16 of Count III.

17. All buildings in the City of Chicago must meet the minimum requirements for electrical, plumbing, heating and ventilation and general building requirements. Municipal Code of Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code requirements in force and applicable to such building. . . .").

18. The subject property fails to meet the minimum requirements of the Code as

described in the preceding paragraphs.

19. Municipal Code of Chicago Chapter 18-27 sets forth the electrical requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide operable electricity on the subject property.

20. Municipal Code of Chicago Chapter 18-29 sets forth the plumbing requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide operable plumbing with hot and cold water on the subject property.

21. Municipal Code of Chicago Chapter 18-28 sets forth the heating requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide operable heating on the subject property.

22. Municipal Code of Chicago Chapter 18-28 sets forth the ventilation requirements for buildings in Chicago. The defendants who own, control, or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide adequate ventilation on the subject property.

23. The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:

> In case any building or structure, including fixtures, is constructed ... or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances ... the proper local authorities of the municipality ... in addition to other remedies, may institute any appropriate action or proceeding ... (4) to restrain, correct or abate the violation.

7

65 ILCS 5/11-13-15 (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

24. Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

25. Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare."). The prosecution and fining alone of these defendants will not promptly abate the nuisance.

26. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

WHEREFORE, the City requests that this Court enter an order:

A. Granting preliminary and permanent injunctive relief requiring the defendants who own, control or otherwise manage the subject property to abate the violations of the electrical, plumbing, heating and ventilation, and general building requirements of the Municipal Code of Chicago; and

B. Granting any other relief that this Court deems appropriate.

## COUNT IV

### Public Nuisance - Injunctive Relief

27. The City realleges and incorporates paragraphs 1 through 6 of the General Allegations as paragraph 27 of Count IV.

28. The Public Nuisance Ordinance, Municipal Code of Chicago § 7-28-060 (2000), provides, in pertinent part, that:

> Every building or structure constructed or maintained in violation of the building provisions of this code, or which is in an unsanitary condition, or in an unsafe or dangerous condition, or which in any manner endangers the health or safety of any person or persons, is hereby declared to be a public nuisance.

Municipal Code of Chicago § 7-28-060 (2000).

29. The defendants who own, control or otherwise manage the subject property are in continuous violation of the Public Nuisance Ordinance because the subject property violates the building provisions of the Municipal Code of Chicago, is unsafe and dangerous, and endangers the health and safety of the people of Chicago.

30. The condition of the subject property constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. The prosecution and fining alone of the defendants who own, control or otherwise manage the subject property for violation of the Public Nuisance Ordinance will not promptly abate the nuisance.

31. Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the Public Nuisance Ordinance.

32. Where a statute or ordinance authorizes injunctive relief, a municipality need only

9

show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

WHEREFORE, the City requests that this Court enter an order:

A. Finding that the subject property constitutes a statutory public nuisance as alleged herein;

B. Granting preliminary and permanent injunctive relief requiring the defendants who own, control or otherwise manage the subject property to abate the statutory public nuisance alleged herein; and

C. Granting any other relief that this Court deems appropriate.

## COUNT V

### Public Nuisance Ordinance - Civil Penalties

33. The City realleges and incorporates paragraphs 27 through 32 of Count IV as paragraph 33 of Count V.

34. The Public Nuisance Ordinance provides that:

> Any person found guilty of violating any of the provisions of this section shall be subject to a penalty of not less than $200.00 nor more than $500.00, or imprisonment not to exceed 10 days, or both such fine and imprisonment for each offense. Each day such violation shall continue shall constitute a separate and distinct offense.

Municipal Code of Chicago § 7-28-060 (2000).

35. The City seeks the maximum daily fine and incarceration against all defendants who own, control or otherwise manage the subject property, and who have maintained the subject property as a public nuisance.

10

WHEREFORE, the City requests that this Court enter an order:

A. Assessing civil penalties against all defendants who own, control or otherwise manage the subject property in the maximum amount per day from the date the violation began until the public nuisance is abated; and

B. Granting any other relief that this Court deems appropriate.

## COUNT VI

### Improperly Maintained Building or Structure - Injunctive Relief

36. The City re-alleges and incorporates paragraphs 1 through 6 of the General Allegations as paragraph 36 of Count VI.

37. Section 13-12-145(a) of the Slum Nuisance Ordinance declares a building a nuisance subject to abatement if it is:

(1) a building or structure found to be vacant and open after the effective date of an order to secure and enclose issued by a court of competent jurisdiction or the department of administrative hearings within the previous 12 months, unless stayed by a court of competent jurisdiction;

(2) a building or structure that contains any violation of a health, fire, electrical, plumbing, building or zoning provision of this code which is imminently dangerous and hazardous;

(3) a building or structure for which the costs of the repairs necessary to bring the building or structure into compliance with applicable laws would exceed the market value of the building or structure after the repairs would have been made, or when the owner cannot show that it has readily available and sufficient assets to make such repairs or where such repairs otherwise are economically infeasible; or

(4) a building or structure where a defendant has failed to comply with any order issued by a court of competent jurisdiction or a hearing officer of the department of administrative hearings with respect to the building or structure by the end of the 60-day period following the date the order was issued or by such later date specified in the order.

See Municipal Code of Chicago, §13-12-145(a)(2005).

38. The building or structure on the subject property is a nuisance as defined by the Slum Nuisance Ordinance in that the building or structure contains violations of health, fire,

electrical, plumbing, building and/or zoning provisions of the Municipal Code which are imminently dangerous and hazardous, and, further, that the owner cannot show that he/she/it has readily available and sufficient assets to make all necessary repairs.

39. Section 13-12-145 (c) authorizes the Corporation Counsel to bring an action in a court of competent jurisdiction to abate a public nuisance as defined in that section. See Municipal Code of Chicago §13-12-145(c)(2005).

40. The levying of a fine is not an adequate remedy for the unsafe conditions that exist at the subject property.

**WHEREFORE**, the City requests that this Court enter an order:

A. Declaring the building a nuisance as defined in Sections 13-12-145(a) of the Municipal Code of Chicago.

B. Assigning or forfeiting the Defendants' rights, title and interest in the subject property to the City of Chicago or a third party designated by the City;

C. Permitting the foreclosure in this proceeding of any liens of the City of Chicago entered against the subject property in this case;

D. Awarding the City of Chicago the court costs, attorney's fees and other costs related to enforcement of Section 13-12-145(e) against the Defendants; and

E. Granting any other relief that this Court deems appropriate.

## COUNT VII

### Improperly Maintained Building and Structure - Civil Penalties

41. The City re-alleges and incorporates paragraphs 36 through 40 of Count VI as paragraph 41 of Count VII.

42. Section 13-12-145(e) of the Municipal Code of Chicago provides that an owner, the owner's agent who manages, controls, or collects rents on the building or structure; the holder

12

of a mortgage lien with a right to possession; or any person in management or control of any building or structure that is found to be a public nuisance violates that section and "shall be fined not less than $200 per day, nor more than $1000 per day for each day the nuisance has existed until the nuisance is abated." Municipal Code of Chicago §13-12-145(e)(2005).

43. The City seeks the maximum fine for each day the Defendants who own, manage, control, collect rent, or who hold a mortgage lien with right to possession on the subject property fail to abate the public nuisance at the property.

WHEREFORE, the City requests that this Court enter an order:

A. Assessing civil penalties against any Defendant who owns, manages, controls, collects rents, or holds a mortgage lien with right to possession on the subject property in the maximum amount per day from the date that the nuisance existed until the date the public nuisance is abated; and

B. Granting any other relief that this Court deems appropriate.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By: _____
Assistant Corporation Counsel

MAGGIE RIZZO
Acting Deputy Corporation Counsel
MAGGIE RIZZO

_____
Assistant Corporation Counsel
Building and License Enforcement Division
30 North LaSalle Street, Suite 700
Chicago, Illinois 60602
(312) 742-1935

14

## SERVICE LIST
4676 W. Peterson
PIN #13-03-129-032 and 053

Cecelia Johnson (O)
6448 S. Eberhart
Chicago, IL 60637

Mortgage Electronic Registration Systems, Inc., as (M)
    Nominee for JNC Mortgage Service, Inc.
c/o CT Corporation System
208 S. LaSalle Street, Suite #814
Chicago, IL 60604

JNC Mortgage Service, Inc. (M)
c/o Gregory R. Castaldi
5521 N. Cumberland, Suite #1109
Chicago, IL 60656

Unknown Owners & Non-Record Claimants